86 F.3d 1166
 NOTICE: Although citation of unpublished opinions remains unfavored, unpublished opinions may now be cited if the opinion has persuasive value on a material issue, and a copy is attached to the citing document or, if cited in oral argument, copies are furnished to the Court and all parties. See General Order of November 29, 1993, suspending 10th Cir. Rule 36.3 until December 31, 1995, or further order.
 Gordon E. JOHNSON, Plaintiff-Appellant,
and
Verna K. JOHNSON, Ivan J. Newman, Barbara Newman, Plaintiffs,
v.
THE NATIONAL ASSOCIATION OF SECURITIES DEALERS, INC.,
Defendant-Appellee,
and
Kenneth Thomas Adams, First Equities Corp., Reo Cutler, Defendants.
 No. 95-4031.
 United States Court of Appeals, Tenth Circuit.
 May 29, 1996.
 
 Before ANDERSON, BARRETT and LOGAN, Circuit Judges.
 
 
 1
 ORDER AND JUDGMENT*
 
 
 2
 After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed. R.App. P. 34(a); 10th Cir. R. 34.1.9. The case is therefore ordered submitted without oral argument.
 
 
 3
 Plaintiffs filed this action to compel arbitration, naming The National Association of Securities Dealers (NASD) and other defendants. The district court dismissed the complaint, citing both the lack of a federal question and that the amount in controversy did not meet the $50,000 jurisdictional minimum contained in 28 U.S.C. § 1332 to support jurisdiction on the basis of diversity of citizenship. The only issue on appeal is whether the district court correctly dismissed for lack of subject matter jurisdiction.
 
 
 4
 We have reviewed the briefs and the record and are satisfied that the district court accurately summarized the facts and correctly applied the law. Plaintiffs initiated arbitration proceedings in November 1987, alleging defendants sold them unsuitable securities in May 1981. The NASD dismissed because the arbitration was filed more than six years after the securities purchases. Thereafter, plaintiffs twice unsuccessfully resorted to Utah state courts. The instant action was filed under the Federal Arbitration Act, 9 U.S.C. §§ 1 through 14(FAA), to compel the NASD to arbitrate plaintiffs' complaints against the other named defendants. However, the FAA does not create a federal cause of action. It provides a vehicle for enforcing a written arbitration agreement when an independent federal cause of action exists. Moses H. Cone Hospital v. Mercury Construction Corp., 460 U.S. 1, 25 n. 32 (1983). Likewise, plaintiffs' claims fall below the required amount in controversy for diversity jurisdiction.
 
 
 5
 We therefore AFFIRM. Plaintiffs' motion for summary disposition is denied as moot. For the reason that we find this a frivolous appeal pursuant to defendant NASD's request under 28 U.S.C. § 1912, we award it double costs but no other damages. In limiting this award we considered the fact plaintiff is a pro se litigant; if he had counsel who would represent him in pursuing such an appeal the sanctions would be greater.
 
 
 
 *
 This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3